UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THOMAS TURNER, and
MICHELLE TURNER,
                              Plaintiffs,

                                   v.

THE VILLAGE OF LAKEWOOD,
NEW YORK, ET AL.,

                              Defendants.

**DECISION AND ORDER**
11-CV-211-A

---

## I. INTRODUCTION

Plaintiffs Thomas Turner and Michelle Turner ("Plaintiffs") commenced this action on March 11, 2011, pursuant to 42 U.S.C. § 1983, alleging that the Village of Lakewood, New York, and its Board of Trustees ("Municipal Defendants"), and individuals Geoffrey Bond and Sally Bootey ("Bond and Bootey"), deprived Plaintiffs of their rights to petition under the First Amendment and to due process and equal protection under the Fourteenth Amendment to the United States Constitution. The complaint (Dkt. No. 1), contained nine claims and advanced various pendent state law claims for declaratory or injunctive relief.

By Decision and Order dated October 14, 2011 (Dkt. No. 27), the Court granted the Municipal Defendants' and Bond and Bootey's motions to dismiss (Dkt. Nos. 8, 11). The Court dismissed the majority of the complaint with prejudice, with the exception of the fourth claim alleging a First Amendment violation, which Plaintiffs were permitted to re-plead. *See* Dkt. No. 27 at pp. 16-

19; Compl., ¶¶ 176-272.

Plaintiffs' amended complaint was filed on November 14, 2011 (Dkt. No. 28), and alleges that the Municipal Defendants retaliated against the Plaintiffs by publishing an "advertisement" notice of public hearing and adopting a zoning amendment that effectively rendered Plaintiffs' property at 46 Ohio Avenue "undevelopable" in violation of their First Amendment rights. *See* Am. Compl., ¶¶ 67-71.

Now before the Court are the Municipal Defendants' motion to dismiss the amended complaint for failure to state a claim (Dkt. No. 31), Plaintiffs' motion to reconsider the Court's October 14, 2011 Decision and Order dismissing the original complaint (Dkt. No. 38), and Plaintiffs' motion for leave to file a second amended complaint (Dkt. No. 39).

## II. BACKGROUND

The Court presumes familiarity with the facts and the procedural history of the case, and a summary is provided only as necessary for clarity and continuity.

***Plaintiffs' Properties***

Plaintiff owns two properties in Lakewood, New York. The first, 33 East Lake Street, is a parcel that borders Chautauqua Lake, contains a single-family dwelling, and was acquired by Plaintiffs in 2004. Lake Street itself runs about three blocks from Lakeview Avenue before tailing off into the driveway of Bond's

residence at 20 East Lake Street.[1]

The other property is located at 46 Ohio Avenue, and was acquired by Plaintiffs in 2007. It too, borders Chautauqua Lake, and remains undeveloped. Ohio Avenue is what is known as a "paper street" in that it is noted on property maps but does not exist physically. Plaintiffs intended to build a single-family dwelling on the Ohio Avenue property and thus sought to establish easement rights along Ohio Avenue that would allow them to access their parcel with a motor vehicle. Alternatively, Plaintiffs sought easement rights that would have given them access to 46 Ohio Avenue from the end of East Lake Street, which ends approximately 100 feet from Plaintiffs' parcel on Ohio Avenue. Access from East Lake Street to 46 Ohio Avenue would require an easement that runs across a narrow parcel, owned by Bond, that lies between Plaintiffs' parcel and East Lake Street.

According to Plaintiffs, the Defendants have thwarted Plaintiffs' development efforts in several ways. First, the Village refused to authorize the construction of a two-story carriage house/shed on Plaintiffs' property at 33 East Lake Street and refused to issue the necessary zoning variances on the basis that the project would encroach on a public easement that is part of that street. Second, the Village deemed 33 East Lake Street a "corner lot," and as such it

---

[1] Pursuant to the October 14, 2011 Decision and Order, Bond and Bootey are no longer parties to this action.

was subject to additional set-off restrictions under Lakewood Village Code § 25-22.  Third, the Village, Bond, and Bootey refused to acknowledge easement rights for Plaintiffs along Ohio Avenue because the history of the properties along that street did not give rise to any easements.

Despite the opposition of the Defendants, Plaintiffs went forward with the shed project 33 East Lake Street and subsequently commenced litigation in state court in connection with both the East Lake Street and Ohio Avenue parcels.

***Procedural History***

In their first state action, Plaintiffs filed a New York C.P.L.R. Article 78 proceeding[2] to challenge the Village's determination that 33 East Lake Street was subject to additional set-off restrictions as a corner lot.  In a decision dated April 25, 2008, the New York State Supreme Court, Appellate Division, affirmed the trial court's finding that Plaintiffs' property at 33 East Lake Street did not constitute a corner lot.  *See Turner v. Andersen*, 50 A.D.3d 1562 (4th Dep't 2008) ("*Turner I*").  The Appellate Court further concluded that the Village Zoning Board's "application of the setback requirements in section 25-22 to [Plaintiffs'] property was unreasonable and irrational.*" Id.* (citation omitted).

In the second state action, Plaintiffs again commenced an Article 78 proceeding challenging the Village's denial of easement rights and vehicular

---

[2] In New York, an Article 78 proceeding is "the customary procedural vehicle for review of administrative determinations." *Solnick v. Whalen*, 49 N.Y.2d 224, 231 (1980).

access along Ohio Avenue.  In a decision issued November 20, 2009, the Appellate Division affirmed the trial court's ruling that Plaintiffs failed to establish by clear and convincing evidence the original grantor's intent to create a "paper street" easement over Ohio Avenue.  *Turner v. Andersen*, 67 A.D.3d 1462 (4th Dep't 2009) ("*Turner II*").

Bond and Bootey also commenced a declaratory judgment action against Plaintiffs regarding the shed Plaintiffs had built at 33 East Lake Street.  The Appellate Division, in remitting the matter to the lower state court for a determination of appropriate equitable or legal relief for Bond and Bootey, ruled that the Plaintiffs' structure impeded the rights of Bond and Bootey to light, air, and access.  *Bond v. Turner*, 78 A.D.3d 1490 (4th Dep't 2010) ("*Turner III*").

Following these proceedings, Plaintiffs filed their federal complaint on March 11, 2011, which contained nine claims against the Village Defendants and Bond and Bootey (Dkt. No. 1).  Both sets of Defendants moved to dismiss the complaint (Dkt. Nos. 8, 11).  On October 14, 2011, the Court granted the Defendants' motions after finding the majority of Plaintiffs' claims were barred by *Rooker-Feldman* and *res judicata* principles, and declining to exercise supplemental jurisdiction over state law claims.[3]  *See* Dkt. No. 27, pp. 10-17, 19-20.  Plaintiffs were, however, permitted to file an amended complaint to re-plead

---

[3] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

a First Amendment retaliation claim with respect to two specific claimed incidents. *Id.* at 18-19.

Plaintiffs now seek reconsideration of this Court's October 14, 2011 Decision and Order, as well as leave to amend the first amended complaint. For the reasons that follow, Plaintiffs' requests are denied.

### III. DISCUSSION

***Motion to Reconsider***

Plaintiffs' motion to reconsider the Court's dated October 14, 2011 Decision and Order is deemed to have been brought under Rule 60(b) of the Federal Rules of Civil Procedure, because date of its filing, March 13, 2012, falls significantly outside the time frame provided for in Rule 59. *See* Fed.R.Civ.P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); *Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010) ("an untimely motion for reconsideration is treated as a Rule 60(b) motion."); *see also Branum v. Clark,* 927 F.2d 698, 704 (2d Cir. 1991).

Rule 60(b) provides, in relevant part, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . or any other reason that justifies relief." Fed.R.Civ.P. 60(b) (1), (6). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court

overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted).  Relief under Fed.R.Civ.P. 60(b) is discretionary.  *See Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009) ("Rule 60(b) provides a mechanism for extraordinary judicial relief [available] only if the moving party demonstrates exceptional circumstances, and relief under the rule is discretionary.") (alteration in the original) (internal quotation marks and citations omitted).   A motion pursuant to Rule 60(b) cannot be used to relitigate the issues of the case.  *Sevenson Envtl. Svcs., Inc. v. Shaw Envtl., Inc.*, 246 F.R.D. 151, 153 (W.D.N.Y. 2007).

"The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted).  With respect to the third of these criteria, to justify review of a decision, the Court must "have a clear conviction of error on a point that is certain to recur." *U.S. v. Adegbite*, 877 F.2d 174, 178 (2d Cir. 1989) (internal quotations and citation omitted).  Motions for reconsideration  "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F.Supp.2d 390, 391–92 (S.D.N.Y. 2000) (citations omitted).

In their motion, Plaintiffs urge the Court to reconsider its previous decision on the basis that it erroneously relied upon the doctrine of *res judicata* in dismissing the second claim of the complaint, a state law claim requesting easement rights across Bond's Ohio Avenue parcel. *See* Dkt. No. 51 pp. 6-7. Plaintiffs argue that because Bond and Bootey were not parties to the Article 78 state court proceeding in *Turner II* the *res judicata* bar does not apply. *Id.* The Court notes that this argument was not made on the previous motions to dismiss, and Plaintiffs have since obtained new counsel.

Contrary to Plaintiffs' suggestion that the Court overlooked the fact that Bond and Bootey were not parties to the *Turner II* Article 78 action, the Court did address this issue in its Decision and Order:

> Here, plaintiffs have not presented any allegations in their first three claims that they did not or could not raise in the state litigation. The state court decisions resolved definitively that East Lake Street is 50 feet wide and that plaintiffs have no easement rights along Ohio Avenue. *Since plaintiffs litigated over Ohio Avenue to try to win access to 46 Ohio Avenue, they easily could have added an argument about access over Bond's Ohio Avenue parcel as an alternative means of access.*

*Turner v. Vill. of Lakewood, N.Y.*, No. 11-CV-0211, 2011 WL 4899965, at *6 (W.D.N.Y. Oct. 14, 2011) (emphasis added). Claim preclusion or *res judicata* dictates that final judgment on merits of an action precludes parties or their privies from relitigating issues that were or could have been raised in that action. *See Niagara Mohawk Power Corp. v. F.E.R.C.*, 162 F.Supp.2d 107, 143

(N.D.N.Y. 2001). Plaintiffs plainly could have raised this issue in the state court proceedings offer no explanation as to why they did not do so.

Even if the Court were to accept Plaintiffs' argument that *res judicata* does not foreclose litigation in federal court where, as here, "the initial forum did not have the power to award the full measure of relief sought in the later litigation," *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), Plaintiffs would nonetheless be barred from advancing the second state law claim in their complaint seeking easement rights under the doctrine of collateral estoppel. *See Constantine v. Teachers College*, 448 Fed. Appx. 92 (2d Cir. 2011) ("When, however, the issue in question was actually and necessarily decided in a prior proceeding and a party had a full opportunity to litigate the same issues being presented in a § 1983 action, the findings within a New York State Article 78 proceeding may have collateral estoppel consequence."). Once a party chooses to litigate his claims by way of an Article 78 proceeding, he assumes the risk of collateral estoppel being applied in a subsequent proceeding such as a § 1983 action. *Giakoumelos v. Coughlin*, 88 F.3d 56 (2d Cir. 1996) (applying collateral estoppel to a previous Article 78 judgment where the plaintiff failed to show that there were procedural deficiencies or a lack of an opportunity to litigate); *see also LaFleur v. Whitman,* 300 F.3d 256, 275 (2d Cir. 2002).

Here, the Ohio Avenue easement issue was decided in the prior state court action (*Turner II*), is decisive of the present claim, and Plaintiffs have not alleged

that they were denied a full and fair opportunity to contest the prior determination. *See generally Jenkins v. City of New York*, 478 F.3d 76, 85 (2d Cir. 2007) (listing elements of collateral estoppel). Thus, even if the *res judicata* bar did not apply to the second claim with respect to Bond and Bootey, Plaintiffs would nonetheless be foreclosed from proceeding on the basis of collateral estoppel. *See, e.g., LaFleur*, 300 F.3d at 274 (holding that the proper inquiry with respect to collateral estoppel is "not whether the respondent-defendants were identical in both cases").

As stated earlier, a Rule 60(b) motion is granted only upon a showing of exceptional circumstances, and cannot be used to relitigate the merits. *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986). Rather, such relief is appropriate only where a judgment may work an extreme and undue hardship. *See, e.g., Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986), *cert. denied*, 480 U.S. 908 (1987). Plaintiffs have made no such showing here — the Court has addressed Plaintiffs' *res judicata* arguments as they relate to the second claim of the original complaint and finds them to be without merit. Plaintiffs offer no other argument, nor do they point to any factual circumstances or any overlooked legal authority that would warrant revisiting this Court's prior determination. Accordingly their motion falls short of satisfying the rigorous standard imposed by Rule 60(b) and must be denied.

***Motion to Amend or Correct the Complaint***

Plaintiffs also move for leave to amend the first amended complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. Dkt. No. 39.

"A district court has broad discretion in determining whether to grant leave to amend." *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000). Pursuant to Rule 15(a)(2), leave to amend a pleading should be freely granted, absent a showing of "excessive delay, prejudice to the opposing party, or futility." *Friedl v. City of N.Y.*, 210 F.3d 79, 87 (2d Cir. 2000); *Lucente v. Int'l Machs. Bus. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

Plaintiffs were permitted to file an amended complaint pursuant to this Court's Decision and Order dated October 14, 2011 and did so within the 30-day time frame. On January 31, 2012, the Municipal Defendants moved to dismiss the first amended complaint (Dkt. No. 31), which is currently pending. In February, 2012, Plaintiffs obtained new counsel and, shortly thereafter, requested reconsideration of the Court's Decision and Order dismissing the original complaint and leave to amend the first amended complaint (Dkt. Nos. 38, 39). The proposed amendment would include the previously dismissed claim against Defendant Bond relating to easement access over Ohio Avenue. *See* Proposed 2d Am. Compl., ¶¶ 26-28.

In light of the Court's denial of Plaintiffs' motion for reconsideration, their motion to amend the first amended complaint to reinstate the second claim

against Bond is now moot. As such, Plaintiffs' motion to amend must be denied on the basis of futility. *See Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 244 (2d Cir. 1991) ("[O]nce judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed.R.Civ.P. 59(e) or 60(b).") (internal quotation marks and citation omitted).

***Motion to Dismiss***

Plaintiffs requested additional time to file opposition to the Municipal Defendants' pending motion to dismiss. Dkt. No. 36 at p. 2. The Court grants Plaintiffs' request and Plaintiffs shall have until October 30, 2013 to prepare and submit their opposition papers.

## IV. CONCLUSION

For all of the foregoing reasons, the Court denies Plaintiffs' Motion for Reconsideration (Dkt. No. 38) and denies Plaintiffs' Motion to Amend or Correct the First Amended Complaint (Dkt. No. 39). Plaintiffs shall have until October 30, 2013 to submit opposition to the Municipal Defendants' pending motion to dismiss.

**SO ORDERED.**

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: September 27, 2013